UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MICHAEL NELSON and ANTHONY GARCIA,   )
                                     )     **AMENDED COMPLAINT**
                 Plaintiffs,         )
                                     )     **JURY TRIAL DEMANDED**
    -against-                        )
                                     )     12 Civ. 8646 (JPO)(MHD)
THE CITY OF NEW YORK; POLICE OFFICER )
CHARLIE LITTLE, Shield No. 28363; POLICE )
OFFICER CHARLES AWANI, Shield No. 03219; )
POLICE OFFICER RICHARD VALDEZ, Shield )
No. 30750; JOHN DOES; RICHARD ROES,  )
                                     )
                 Defendants.         )
------------------------------------------------------------X

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiffs MICHAEL NELSON and ANTHONY GARCIA seeks relief for the defendants' violation of their rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, by the United States Constitution, including its Fourth and Fourteenth Amendments, and by the laws and Constitution of the State of New York. Plaintiffs seek damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

## JURISDICTION

2. This action is brought pursuant to the Constitution of the United States, including its Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983. Jurisdiction is conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiffs' constitutional and civil rights.

1

3. The plaintiffs further invoke this court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4. Plaintiffs demand a trial by jury on each and every one of their claims as pleaded herein.

## VENUE

5. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## NOTICE OF CLAIM

6. Plaintiffs filed Notices of Claim on December 2, 2011, within 90 days of the incidents giving rise to his claim. More than 30 days have elapsed since the filing of these Notices of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

7. Plaintiffs MICHAEL NELSON and ANTHONY GARCIA at all times relevant herein were a resident of the State of New York, Bronx County.

8. Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agents in the area of law enforcement to members of the public, and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the

employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

9. Defendants POLICE OFFICER CHARLIE LITTLE, Shield No. 28363; POLICE OFFICER CHARLES AWANI, Shield No. 03219; POLICE OFFICER RICHARD VALDEZ, Shield No. 30750, and JOHN DOES, are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, a municipal agency of defendant THE CITY OF NEW YORK. Said individual defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants POLICE OFFICER CHARLIE LITTLE, Shield No. 28363; POLICE OFFICER CHARLES AWANI, Shield No. 03219; POLICE OFFICER RICHARD VALDEZ, Shield No. 30750, and JOHN DOES are sued individually.

10. Defendants RICHARD ROES are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, responsible for the training, retention, supervision, discipline and control of police officers under their command. Said individual defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as supervisory officers, agents, servants, and

employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants RICHARD ROES are sued individually.

## STATEMENT OF FACTS

11. On the morning of September 3, 2011, Plaintiffs were driving in Plaintiff GARCIA's car in their neighborhood in the Bronx.

12. Plaintiff GARCIA was the driver.

13. Plaintiff NELSON was in the front passenger seat.

14. At or around the intersection of Jerome Avenue and E. 175th Street, Plaintiffs were pulled over by, on information and belief, by Defendant Police Officers AWANI and VALDEZ, who were driving in a marked police cruiser.

15. Plaintiffs had only been driving for a few blocks when they were pulled over by Defendant Police Officers AWANI and VALDEZ.

16. Plaintiff GARCIA had complied with all traffic laws, and there was no lawful reason to have pulled Plaintiffs over.

17. Plaintiff GARCIA pulled over immediately when he was directed to by Defendant Police Officers AWANI and VALDEZ.

18. Defendant Police Officers AWANI and VALDEZ roughly pulled Plaintiffs from their vehicle.

19. Defendant Police Officer AWANI pulled Plaintiff NELSON from the car.

20. Defendant Police Officer VALDEZ pulled Plaintiff GARCIA from the car.

21. Defendant Police Officer AWANI pushed Plaintiff NELSON, and asked him if he smoked (meaning marijuana).

22. Neither of the Plaintiffs had smoked any marijuana.

23. Plaintiff NELSON answered Defendant Police Officer AWANI that "no," he had not smoked any marijuana.

24. Defendant Police Officer AWANI then said, in sum and substance, "stop lying, I know you were smoking. I'll take you to the hospital to get your stomach pumped out."

25. Plaintiff NELSON told Defendant Police Officer AWANI that he was not lying to him.

26. Defendant Police Officer AWANI then told Plaintiff NELSON, in sum and substance, that he knew that Plaintiff NELSON was lying, and that he would punch Plaintiff NELSON in the face if Plaintiff NELSON kept lying to him.

27. Defendant Police Officer AWANI continued to ask Plaintiff NELSON, in sum and substance, if he had been smoking, and where the weed was.

28. Plaintiff NELSON remained silent, and did not respond further.

29. Defendant Police Officer VALDEZ searched the car, without consent and without a warrant.

30. Defendant Police Officer VALDEZ had also been questioning Plaintiff GARCIA as to whether or not he had smoked marijuana, and whether he was lying when he too denied having smoked marijuana.

31. Another marked police cruiser, driven by two JOHN DOES police officers, arrived

at the scene.

32. Plaintiff NELSON was handcuffed and placed in this second police cruiser.

33. Plaintiff GARCIA was handcuffed and placed in the first police cruiser.

34. An unmarked police car also arrived at the scene, driven by, on information and belief, Defendant Police Officer LITTLE, with an additional one or two more JOHN DOES Defendants in the vehicle with him.

35. Defendant Police Officer LITTLE removed Plaintiff NELSON from the second car, and strip searched him in the middle of the public street.

36. Defendant Police Officer LITTLE undid Plaintiff NELSON's belt, undid the button of his pants, unzipped his pants, and pulled his pants and boxer shorts down to Plaintiff NELSON's knees, leaving Plaintiff NELSON exposed in the street in view of the public.

37. Defendant Police Officer LITTLE, in the middle of a public street and in view of the public, picked up Plaintiff NELSON's penis and his testicles and checked if he had anything underneath his penis and testicles.

38. Defendant Police Officer LITTLE, in the middle of a public street and in view of the public, also spread Plaintiff NELSON's buttocks to see if he had anything stuck inside his buttocks.

39. Plaintiff NELSON possessed no contraband.

40. Defendant Police Officer LITTLE recovered no contraband through his public strip search of Plaintiff NELSON.

41. Defendant Police Officer LITTLE put Plaintiff NELSON back in the police car.

42. Defendant Police Officer AWANI thereafter similarly strip searched Plaintiff

6

GARCIA in the middle of the street, also pulling his pants and underwear down to his knees, lifting his penis and testicles, and looking between his buttocks.

43.     Defendants AWANI and LITTLE saw that there was something between Plaintiff GARCIA's buttocks

44.     Defendant LITTLE told Plaintiff GARCIA that he would recover the object from his buttocks at the precinct.

45.     A JOHN DOE Defendant Police Officer told Defendant AWANI, in sum and substance, "oh, it looks like we're dealing with two little faggots."

46.     Plaintiffs were taken to the NYPD 46th Precinct in the same police car.

47.     Plaintiff GARCIA complained about the excessive tightness of his handcuffs, which were causing him agony, and requested that the cuffs be loosened.

48.     The JOHN DOE Officers who drove Plaintiffs to the precinct told Plaintiff GARCIA to shut up, and did not do anything to alleviate the excessive tightness of the handcuffs.

49.     At the Precinct Defendant AWANI strip searched Plaintiff GARCIA again, and demanded that Plaintiff GARCIA give him what was between his buttocks.

50.     Plaintiff GARCIA gave Defendant AWANI a marijuana cigarette that Plaintiff GARCIA had placed between his buttocks.

51.     Plaintiffs were placed into a cell at the precinct.

52.     Plaintiff NELSON was released with a Desk Appearance Ticket ("DAT") after approximately six or eight hours.

53.     The DAT required Plaintiff NELSON to appear in Bronx Criminal Court on December 13, 2011

54. The charge on the DAT issued to Plaintiff NELSON was possession of marijuana, despite the fact that the only marijuana found by Defendants was located between Plaintiff GARCIA's buttocks.

55. Defendant Police Officer AWANI was assigned as Plaintiff NELSON's arresting officer.

56. When Plaintiff NELSON went to Court to answer the DAT, he discovered that, unbeknownst to him, the Bronx County District Attorney's office had on the date of his arrest declined to prosecute Plaintiff NELSON.

57. The reason given for declining prosecution was as follows:

> The People are declining to prosecute the instant matter for insufficient evidence.
>
> On September 3, 2011, at approximately 11:20 AM, Police Officer Awani observed seperately [sic] apprehended defendant Anthony Garcia (Arrest #[ ]) driving a 2005 Silver Chevy Impala, Florida License Plate [ ], while holding and smoking a marijuana cigarette. The defendant was seated in the front seat of said vehicle during said observation.
>
> However, defendant was never observed holding said marijuana cigarette, which was found in defendant Garcia's hand, and no drugs were found in said vehicle. Because no drugs were found on defendant's person, nor anywhere in his custody and control, the People have insufficient evidence and are unable to write an accustory [sic] instrument.
>
> Accordingly, the People are dismissing the charges against the defendant.

58. As stated, it is untrue that Plaintiff GARCIA was holding and smoking a marijuana cigarette.

59. As stated, Defendant AWANI recovered the marijuana cigarette from between Plaintiff GARCIA's buttocks.

8

60. Defendant AWANI commited perjury on the Criminal Court complaint that was lodged against Plaintiff GARCIA, when he attested that "he observed defendant, in plain view, to have on his person, in his hand, one (1) cigarette containing a dried green leafy substance with a distinctive odor," i.e. marijuana.

61. One of the charges lodged against Plaintiff GARCIA was violation of New York State Penal Law § 221.10, Criminal Possession of Marihuana in the Fifth Degree (knowingly and unlawfully possessing marihuana in a public place, where that marihuana is burning or open to public view).

62. This charge was supported only by Defendant AWANI's lies.

63. Unlike Plaintiff NELSON, Plaintiff GARCIA was not release with a DAT, but was held in police custody through to arraignment.

64. All charges against Plaintiff GARCIA were dismissed in their entirety on October 26, 2012.

## FIRST CLAIM

## DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

65. The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

66. By their conduct and actions in falsely arresting, unlawfully strip searching, maliciously prosecuting, abusing process against, assaulting and battering, violating the rights to equal protection of law of, inflicting emotional distress upon, failing to intercede on behalf of, and fabricating a false account surrounding the September 3, 2011 incident regarding, plaintiffs,

defendants, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiffs' constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its Fourth and Fourteenth amendments.

67. As a result of the foregoing, plaintiffs were deprived of their liberty, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## SECOND CLAIM

## SUPERVISORY LIABILITY FOR DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

68. The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

69. By failing to remedy the wrongs committed by their subordinates, and in failing to properly train, screen, supervise, or discipline their subordinates, supervisory officers RICHARD ROES caused damage and injury in violation of plaintiffs' rights guaranteed under 42 U.S.C. §1983, and the United States Constitution, including its Fourth and Fourteenth amendments.

70. As a result of the foregoing, plaintiffs were deprived of their liberty, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## THIRD CLAIM

## LIABILITY OF THE CITY OF NEW YORK
## FOR CONSTITUTIONAL VIOLATIONS

71. The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

72. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants had <u>de facto</u> policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

73. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had <u>de facto</u> policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

74. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had <u>de facto</u> policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the cover-up of other law enforcement officers' misconduct, through the fabrication of false accounts and evidence and/or through "the blue wall of silence." These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

75. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had <u>de facto</u> policies,

practices, customs, and usages of encouraging and/or tacitly sanctioning the use of public strip searches.

76. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of encouraging and/or tacitly sanctioning discrimination against members of the gay community (or those perceived to be members of the gay community), and of encouraging and/or tacitly sanctioning unlawful law enforcement practices against members of the gay community (or those perceived to be members of the gay community).

77. As a result of the foregoing, plaintiffs were deprived of their liberty, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## FOURTH CLAIM

### RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS

78. The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

79. The conduct of the individual defendants alleged herein, occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as New York City police officers / supervisors, and/or while they were acting as agents and employees of defendant THE CITY OF NEW YORK, and, as a result, defendant THE CITY OF NEW YORK is liable to plaintiff pursuant to the state common law doctrine of respondeat

12

superior.

80. As a result of the foregoing, plaintiffs were deprived of their liberty, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## FIFTH CLAIM

## MALICIOUS PROSECUTION

81. The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

82. By the actions described above, defendants maliciously prosecuted plaintiffs without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

83. As a result of the foregoing, plaintiffs were deprived of their liberty, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## SIXTH CLAIM

## ASSAULT AND BATTERY

84. The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

85. By the actions described above, defendants did inflict assault and battery upon the plaintiffs. The acts and conduct of defendants were the direct and proximate cause of injury and damage to the plaintiffs and violated their statutory and common law rights as guaranteed by the

laws and Constitution of the State of New York.

86. As a result of the foregoing, plaintiffs were deprived of their liberty, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## SEVENTH CLAIM

### FALSE ARREST AND FALSE IMPRISONMENT

87. The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

88. By the actions described above, defendants falsely arrested and imprisoned plaintiffs, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

89. As a result of the foregoing, plaintiffs were deprived of their liberty, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## EIGHTH CLAIM

### ABUSE OF PROCESS

90. The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

91. By the conduct and actions described above, defendants employed regularly issued process against plaintiffs compelling the performance or forbearance of prescribed acts. The

purpose of activating the process was intent to harm plaintiffs without economic or social excuse or justification, and the defendants were seeking a collateral advantage or corresponding detriment to plaintiffs which was outside the legitimate ends of the process. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

92. As a result of the foregoing, plaintiffs were deprived of their liberty, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## NINTH CLAIM

### VIOLATION OF RIGHT TO EQUAL PROTECTION OF LAW

93. The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

94. By the actions described above, defendants violated plaintiffs' rights to equal protection of law. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

95. As a result of the foregoing, plaintiffs were deprived of their liberty, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## TENTH CLAIM

### TRESPASS

96. The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

97. By the actions described above, defendants willfully, wrongfully and unlawfully trespassed upon the persons and vehicle of plaintiffs.

98. As a result of the foregoing, plaintiffs were deprived of their liberty, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## TENTH CLAIM

## NEGLIGENCE

99. The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

100. By the actions described above, defendants jointly and severally, negligently caused injuries, emotional distress and damage to the plaintiffs. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

101. As a result of the foregoing, plaintiffs were deprived of their liberty, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## ELEVENTH CLAIM

## NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING

102. The plaintiffs incorporate by reference the allegations set forth in all preceding

paragraphs as if fully set forth herein.

103. Defendants THE CITY OF NEW YORK negligently hired, screened, retained, supervised and trained the individual defendants. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the Plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

104. As a result of the foregoing, plaintiffs were deprived of their liberty, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## TWELFTH CLAIM

## CONSTITUTIONAL TORT

105. The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

106. Defendants, acting under color of law, violated Plaintiffs' rights pursuant to Article I, §§ 6, 11 and 12 of the New York State Constitution.

107. A damages remedy here is necessary to effectuate the purposes of §§ 6, 11 and 12 of the New York State Constitution, and appropriate to ensure full realization of Plaintiffs' rights under those sections.

108. As a result of the foregoing, plaintiffs were deprived of their liberty, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

WHEREFORE, the plaintiffs demand the following relief jointly and severally against all

of the defendants:

    a. Compensatory damages;

    b. Punitive damages;

    c. The convening and empanelling of a jury to consider the merits of the claims herein;

    d. Costs and interest and attorney's fees;

    e. Such other and further relief as this court may deem appropriate and equitable.

Dated:    New York, New York
            June 28, 2013

                                          JEFFREY A. ROTHMAN, Esq.
                                          315 Broadway, Suite 200
                                          New York, New York 10007
                                          (212) 227-2980
                                          Attorney for Plaintiffs